IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03199-PAB-MJW

JOHN M. McDONALD,

Plaintiff,

v.

SCHOOL DISTRICT NO. 1 IN THE CITY AND COUNTY OF DENVER
AND STATE OF COLORADO, AND
ELDRIDGE GREER
AND
NORMA GIRON, IN THEIR INDIVIDUAL CAPACITIES,

Defendants.

## ORDER REGARDING
## DEFENDANT SCHOOL DISTRICT NO. 1 IN THE CITY AND COUNTY OF DENVER'S MOTION FOR PROTECTIVE ORDER   (DOCKET NO. 47)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant School District No. 1 in the City and County of Denver's Motion for Protective Order (docket no. 47).  The court has reviewed the subject motion (docket no. 47) and the response (docket no. 49).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this dispute;

2

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 47);

4. That Plaintiff has brought the following claims in his Complaint (docket no. 1):

   a. **Claim One** - Title VII - Race and Sex Discrimination Against Defendant School District No. 1 in the City and County of Denver [hereinafter "District'];

   b. **Claim Two** - ADEA - Age Discrimination Against the Defendant District;

   c. **Claim Three** - First Amendment Speech Against All Defendants;

   d. **Claim Four** - Interference with Contract and/or Prospective Business Advantage Against Defendants Ferrer, Giron and Greer; and

   e. **Claim Five** - Breach of Contract Against the Defendant District;

5. That Plaintiff seeks the following relief as outlined in his Complaint (docket no. 1):

   a. Compensatory damages, including but not limited to those for emotional distress and pain and suffering;

   b. Reinstatement to a position of social worker in the District

3

        with no loss of pay, benefits, placement on the salary schedule, or seniority;

    c.    Actual economic damages and consequential damages arising out of Defendants' conduct, including but not limited to back pay and front pay;

    d.    Exemplary/punitive damages on his federal claims;

    e.    Pre- and post-judgment interest at the highest lawful rate; and

    f.    Such further relief as justice requires.

6. That the District seeks, in the subject motion (docket no. 47), a protective order from this court prohibiting Plaintiff from taking the deposition of Shayne Spalten, the District's Chief Human Resources Officer, because she is a high-ranking government official without personal knowledge of the facts of this case and the information purportedly sought from Ms. Spalten can be obtained elsewhere;

7. That Plaintiff argues that the subject motion (docket no. 47) should be denied because he has brought Claims 1, 2, 3 and 5 as listed above against the District and therefore the deposition of Shayne Spalten is necessary to acquire information that includes: (1) the organizational structure of the District's Human Resources ["HR"] Department; (2) the relationships between various divisions within the HR Department; (3) the HR Department's policies and practices

concerning "ghost writers" and "HR partners," which policies and practices are apparently not in written form; (4) how and why "ghost evaluators" are hired, including who is responsible for making such hiring decisions and the rationale for such hiring of "ghost evaluators"; (5) the training for the "ghost evaluators"; (6) who does the training for the "ghost evaluators"; (7) how Ms. Spalten instructs the school principals throughout the District to use the "ghost evaluators" and their written "ghost evaluations"; and (8) whether the use of "ghost evaluators" and "ghost evaluations" is violation of Colorado law and the District's Collective Bargaining Agreement with Plaintiff's union and the Denver Classroom Teachers Association.  Plaintiff has indicated in his Response (docket no. 49 at pp. 4-5) that he does not intend to inquire of Ms. Spalten regarding the particular facts pertaining to Plaintiff's performance and termination.  Moreover, Plaintiff seeks only a four-hour deposition of Ms. Spalten  (docket no. 49 at p. 6).  Lastly, Plaintiff argues that it appears that Ms. Spalten is the person responsible for the recruitment, hiring and training of the "ghost writers" and that only she can testify to these topics numbered 1 through 8, inclusive, as outlined above;

8. That courts have broad authority to enter protective orders upon a showing of good cause "to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or

expense . . . ." Fed. R. Civ. P. 26(c).

Applying the Rule 26(c) standard, the United States Court of Appeals for the Tenth Circuit affirmed the issuance of a protective order of a high-level corporate official in the case of <u>Thomas v. International Business Machines</u>, 48 F.3d 478, 483 (10th Cir. 1995). In that case, the Tenth Circuit relied on the following facts in upholding the protective order: (1) the deposition imposed "severe hardship" on the deponent, (2) the reasons for the deposition were of little relevance to the plaintiff's lawsuit, (3) the deponent lacked personal knowledge about the plaintiff, (4) nothing in the record demonstrated that the defendant failed to make individuals with knowledge available, and (5) the last-minute nature of the deposition. <u>Id.</u> at 483-84.

While there is not a uniform test, this court has articulated that the plaintiff, to show that the deposition is necessary of a high-ranking government official, must demonstrate whether (1) the official has first-hand knowledge related to the claim being litigated; (2) the testimony will likely lead to the discovery of admissible evidence, (3) the deposition is essential to the party's case, and (4) the information cannot be obtained from an alternative source or via less burdensome means. <u>Cooke v. Hickenlooper</u>, No. 13-cv-01300-MSK-MJW, 2013 WL 5799995, at *2 (D. Colo. Oct. 28, 2013); <u>Feldman v. Bd. of Educ. Sch. Dist. No. 1</u>, No. 09-cv-01049-

6

REB-MJW, 2010 WL 383154, at *2 (D. Colo. Jan 28, 2010). On the other hand, there is case law that states that highly-ranking executives are not immune from discovery. The fact that an executive has a busy schedule cannot shield that witness from being deposed. <u>Six West Retail Acquisition, Inc., v. Sony Theatre Management Corp</u>., 203 F.R.D. 98, 102 (S.D.N.Y. 2001); and

9. That Shayne Spalten has personal knowledge of the listed topics in paragraph 7 above and such information concerning these topics cannot be obtained through another discovery method. The information in such topics sought by Plaintiff cannot be obtained through another witness noting that Plaintiff has already deposed Lee Renfrow, Bart Muller and Lisa Negus who do not have the personal knowledge to address each of these topics. The deposition of Ms. Spalten is necessary and is likely to lead to the discovery of admissible evidence. In addition, the deposition of Ms. Spalten is essential in establishing Plaintiff's claims as well as relevant to Plaintiff's theory of the case. See Complaint (docket no. 1) and paragraph 4 above. Finally, that a four-hour deposition of Ms. Spalten is not unduly burdensome nor would it create a severe hardship to Ms. Spalten.

7

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That the Defendant School District No. 1 in the City and County of Denver's Motion for Protective Order (docket no. 47) is **DENIED.** Plaintiff may take the deposition of Shayne Spalten, the District's Chief Human Resources Officer, for four hours. The scope of Ms. Spalten's deposition shall be limited to those topics numbered 1 through 8, inclusive, outlined in paragraph 7 above.

2. That each party pay their own attorney fees and costs for this motion.

Done this 7th day of October 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE