IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03199-PAB-MJW

JOHN M. McDONALD,

      Plaintiff,

v.

SCHOOL DISTRICT NO. 1 IN THE COUNTY OF DENVER AND STATE OF
COLORADO,
ELDRIDGE GREER, and
NORMA GIRON,

      Defendants.

_____

**ORDER**
_____

      This matter is before the Court on defendants' Motion for Attorneys' Fees
[Docket No. 75] and plaintiff's Motion to Stay Consideration of Any Attorneys' Fees
Awarded to Defendants Against John McDonald [Docket No. 82].

## I. BACKGROUND

      Plaintiff John McDonald asserted a race and sex discrimination claim against
School District No. 1, in the City and County of Denver, State of Colorado (the "District")
pursuant to Title VII of the Civil Rights Act, an age discrimination claim against the
District pursuant to the Age Discrimination in Employment Act ("ADEA"), a First
Amendment retaliation claim against defendants pursuant to 42 U.S.C. § 1983, a state
law interference with contract and/or prospective business advantage claim against
Eldridge Greer and Norma Giron, and a state law breach of contract claim against the
District.  Docket No. 1 at 17-20.

On March 17, 2014, defendants filed a motion to dismiss, arguing, in part, that portions of plaintiff's Title VII, ADEA, and First Amendment claims were barred either because they fell outside the 300-day window of 42 U.S.C. § 2000e-5(e)(1) or because of the statute of limitations.  Docket No. 25 at 6, 8-9.  On November 10, 2014, defendants filed a motion for summary judgment.  Docket No. 58.  On March 17, 2015, the Court granted in part and denied in part defendants' motions and dismissed the case in its entirety.  Docket No. 69 at 30.

Regarding the motion to dismiss, the Court rejected plaintiff's assertion of the continuing violation doctrine and dismissed plaintiff's Title VII and ADEA claims based upon actions that fell outside the 300-day window.  *Id.* at 8.  The Court granted defendants' motion to dismiss regarding plaintiff's First Amendment claim, finding that the only adverse employment action falling within the statute of limitations was the termination of plaintiff's employment.  Docket No. 69 at 10.  The Court denied the remainder of defendants' motion to dismiss as moot due to the Court's ruling on defendants' summary judgment motion.

Regarding the motion for summary judgment on plaintiff's discrimination claims, the Court assumed without deciding that plaintiff established a prima facie case of discrimination.  Docket No. 69 at 20.  The Court found that the District produced "a legitimate, nondiscriminatory reason for its termination of plaintiff's employment, namely, instances of 'insubordination, neglect of duty, unsatisfactory performance, and other good and just cause' identified in the [independent hearing officer's] decision."  *Id*. The Court found that plaintiff failed to carry his burden of showing that defendants' proffered reasons were pretextual.  *Id*. at 22-24.  Plaintiff "[did] not produce any

2

evidence upon which to conclude that Dr. Greer, Ms. Giron, or any of the other District employees plaintiff accuses of mistreatment were school board members or played a role in the school board's decision to terminate plaintiff." *Id*. at 22.  Plaintiff admitted that he could not recall any school board member or the independent hearing officer engaging in discriminatory conduct towards him. *Id*.  The Court found that plaintiff did not "identify evidence suggesting that the School Board lacked an honest belief in the accuracy of the [independent hearing officer's] findings or that the School Board failed to act in good faith when it reviewed and adopted the [independent hearing officer's] findings."  Docket No. 69 at 23-24.  Because plaintiff failed to produce evidence to support his pretext theory, the Court granted defendants' motion for summary judgment on plaintiff's Title VII and ADEA claims.  *Id*.

Regarding plaintiff's First Amendment retaliation claims, the Court noted that it was unclear from the record the dates upon which plaintiff engaged in protected speech and which District employees had knowledge of what speech, and found that plaintiff had failed to establish "any basis upon which to conclude that the School Board was aware of plaintiff's protected conduct or that his protected conduct was a causal factor in his termination." *Id*. at 26-27.  The Court also found that there was no evidence in the record to support a claim that Ms. Giron or Dr. Greer personally participated in the allegedly retaliatory actions that occurred within the statute of limitations.  Docket No. 69 at 28.  Accordingly, the Court granted summary judgment for defendants on plaintiff's First Amendment claims.  *Id*. at 29.

Having dismissed plaintiff's claims arising under federal law, the Court dismissed

without prejudice plaintiff's state law claims.  *Id*. at 29-30.

On April 15, 2015, defendants filed the instant motion for attorneys' fees.  Docket No. 75.  Defendants request $55,706.50 from plaintiff pursuant to 42 U.S.C. § 1988 and $47,257.00 jointly and severally from plaintiff's counsel pursuant to 28 U.S.C. § 1927. Docket No. 75 at 13; Docket No. 86 at 9.  Defendants seek from plaintiff's counsel only those fees incurred after the filing of their motion to dismiss.  *Id*.

## II.  ANALYSIS

"'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or other contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010).

### A.  Motion to Stay Consideration of Fees

Plaintiff filed his motion to stay consideration of fees on June 1, 2015, seeking a four-week stay in order to address potential conflicts between plaintiff and plaintiff's counsel.  Docket No. 82 at 2.  More than four weeks have passed since plaintiff filed his request.  Accordingly, plaintiff's motion to stay consideration of fees is denied as moot.

### B.  Request for Fees Pursuant to 42 U.S.C. § 1988

In a civil rights action, the Court has discretion to grant "the prevailing party . . . a reasonable attorney's fee as part of the costs" pursuant to 42 U.S.C. § 1988(b).  "A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."  *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983); *see Edgerly v. City and Cty. of San Francisco*, 599 F.3d 946,

962 (9th Cir. 2010). A frivolous suit is one "based on an indisputably meritless legal theory, or whose factual contentions are clearly baseless." *Thorpe v. Ancell*, 367 F. App'x 914, 919 (10th Cir. 2010) (unpublished) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). This is a difficult standard for a defendant to meet, and the Tenth Circuit has cautioned that rarely will cases "be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2000); *see also Utah Animal Rights Coal. v. Salt Lake Cty.*, 566 F.3d 1236, 1245 (10th Cir. 2009).

Defendants argue they are entitled to fees because plaintiff's claims were meritless as shown by plaintiff's admissions during his deposition and his failure to present evidence to support his claims. Docket No. 75 at 7, 9.

Plaintiff's theory of discrimination relied heavily on the applicability of the continuing violation doctrine and the viability of *Bruno v. W. Elec. Co.*, 829 F.2d 957 (10th Cir. 1987). *See* Docket No. 69 at 7. In *Bruno*, the Tenth Circuit upheld a district court's ruling that plaintiff's ADEA claims were timely pursuant to the continuing violation doctrine and described the continuing violation doctrine as applying to "a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during the [limitations] period." 829 F.2d at 961.

In its order dismissing plaintiff's claims, the Court noted that, while *Bruno* had not been explicitly overruled, the Tenth Circuit in *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1185 (10th Cir. 2003), held that it had been implicitly overturned by *Nat'l R.R.*

*Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), "in that plaintiffs are now expressly precluded from establishing a continuing violation exception for alleged discrete acts of discrimination occurring prior to the limitations period, even if sufficiently related to those acts occurring within the limitations period." As a result of the Court's rejection of the continuing violation doctrine, many of the discriminatory incidents alleged by plaintiff fell outside the 300-day statutory window. *See* Docket No. 64 at 13. Plaintiff asserts that his continuing violation theory was "akin to a hostile environment case" and "an attempt to expand the understanding of particular type of hostile environment." Docket 81 at 6. The Court noted in its order dismissing plaintiff's claims that, in *Morgan*, the Supreme Court "was careful to distinguish 'discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire' from hostile work environment claims, which are composed of 'a series of separate acts that collectively constitute one 'unlawful employment practice.'" Docket No. 69 at 7 (quoting *Morgan*, 536 U.S. at 117). As is evident from the Court's rejection of plaintiff's continuing violation theory, plaintiff's argument was tenuous, but the Court cannot say it was "indisputably meritless." As a result, the Court finds that plaintiff's discrimination claim based on the continuing violation doctrine was not frivolous.

Plaintiff contended that the independent hearing officer's decision was procedurally deficient and his findings were erroneous. Docket No. 64 at 15-16. The Court agreed with plaintiff that "unreviewed administrative proceedings do not have preclusive effect by collateral estoppel in Title VII cases," but held that plaintiff had failed to show that the "School Board lacked an honest belief in the accuracy of the [independent hearing officer's] findings or that the School Board failed to act in good

faith when it reviewed and adopted the [independent hearing officer's] findings".  Docket No. 69 at 23-24.  Plaintiff's argument regarding the independent hearing officer and the disputed accuracy of the independent hearing officer's findings, while legally insufficient, was not frivolous.  *See* Docket No. 69 at 23.

Accordingly, in the exercise of its discretion, the Court will not award attorneys' fees pursuant to 42 U.S.C. § 1988.

### C.  Request for Fees Pursuant to 28 U.S.C. § 1927

An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  "An attorney's actions are considered vexatious and unreasonable under § 1927 if the attorney acted in bad faith," *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985), or if the attorney's conduct constitutes a "reckless disregard of the duty owed by counsel to the court."  *Braley v. Campbell*, 832 F.2d 1504, 1511-12 (10th Cir. 1987).  Sanctions under § 1927 are also appropriate when "an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of proceedings was unwarranted."  *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (internal quotations and citations omitted).

A district court has "wide discretion in matters of sanctions" under § 1927. *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1207 (10th Cir. 2008).  However, § 1927 should not be enforced so as to "dampen the legitimate zeal of an attorney in

7

representing" a client. *Braley*, 832 F.2d at 1512. Accordingly, fees should only be awarded against attorneys whose conduct evinces a "serious and studied disregard for the orderly processes of justice." *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968); *see also Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1371 n. 6 (Fed. Cir. 2012) ("Establishing attorney misconduct under § 1927 implicates a higher level of culpability than Rule 11."). Before awarding sanctions pursuant to § 1927, a court must make "specific findings" identifying "the extent of the multiplicity resulting from the attorney's behavior and the costs arising therefrom," as well as describing the "objectionable conduct" in sufficient detail to permit a meaningful response and facilitate appellate review. *Braley*, 832 F.2d at 1513.

Defendants argue that, as of the date of defendants' motion to dismiss, plaintiff's counsel should have realized that the lawsuit was unwarranted. Docket No. 75 at 10. Defendants contend that, instead of conducting a reasonable fact investigation into her client's claims, "[p]laintiff's counsel went on a fishing expedition, deposing nine individuals who indisputably did not make the final decision to terminate McDonald." *Id*. at 11. Plaintiff responds that defendants have "nowhere provided evidence of how [p]laintiff's counsel allegedly 'multiplied proceedings'" and notes that plaintiff's counsel "filed no unnecessary motions, did not seek depositions beyond the presumptive number and did not file any motions for reconsideration, or delay the proceedings with any spurious tactics." Docket No. 81 at 8-9.

As discussed above, defendants have not established that plaintiff's claims were frivolous. Therefore, the Court will not award defendant fees under 28 U.S.C. § 1927.

8

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion to Stay Consideration of Any Attorneys' Fees Awarded to Defendants Against John McDonald [Docket No. 82] is **DENIED** as moot.  It is further

**ORDERED** that defendants' Motion for Attorneys' Fees [Docket No. 75] is **DENIED**.


DATED March 30, 2016.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge